UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KIB SOUTHERS,

      Plaintiff,

v.                                                      Case No.  5:05-cv-488-Oc-10GRJ

LAKE CORRECTIONAL INSTITUTION,

      Defendant.
_____

## ORDER OF DISMISSAL

Plaintiff, currently an inmate at Dade Correctional Institution, initiated this action by filing a *pro se, in forma pauperis*, Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 2).  The Complaint alleges that Plaintiff received improper medical treatment for a heart condition in November 2002 while he was an inmate at Lake Correctional Institution.  At that time, Plaintiff's condition required him to undergo quadruple bypass surgery.  Plaintiff states that he pursued administrative remedies in connection with his claims.  However, the administrative remedy documents submitted with the Complaint reflect that on September 29, 2005, Plaintiff submitted an administrative grievance directly to the Department of Corrections.  The grievance was not accepted because Plaintiff had failed to initiate the grievance process at the institutional level, as required by the applicable regulations.

**Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act (PLRA) provides that :

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d at 1326).

In Alexander, the Eleventh Circuit noted seven important policies favoring an exhaustion of remedies requirement:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful

> in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

159 F.3d at 1327 (citation omitted).

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. Johnson v. Meadows, 418 F.3d 1152, 1158 (11th Cir. 2005). "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" Id. (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

The Florida Administrative Code provides an administrative remedy process for inmates of facilities within the Florida Department of Corrections. With certain exceptions, inmates initiate the process by submitting an informal grievance. If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance. If the inmate is dissatisfied with the response to the formal grievance, he can file an appeal with the Office of the Secretary within 15 days of the

3

response to the formal grievance.[1]

The administrative remedy documents appended to the Complaint do not establish that Plaintiff exhausted the available remedies in accordance with the above regulations prior to filing this case. Accordingly, the Complaint must be dismissed without prejudice for failure to exhaust administrative remedies before filing suit. See id.

## Conclusion

The Complaint is **DISMISSED** without prejudice. The Clerk is directed to enter judgment dismissing this case, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 15th day of December 2005.

*[signature]*
UNITED STATES DISTRICT JUDGE

c: Kib Southers

---

[1] See Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).